IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

GREGORY M. MATTHIES,              )
                                  )
            Petitioner,           )          4:12CV3069
                                  )
        v.                        )
                                  )
ROBERT HOUSTON,                   )          MEMORANDUM AND ORDER
                                  )
            Respondent.           )
_____    )

This matter is before the Court on petitioner Gregory
M. Matthies's ("Petitioner" or "Matthies") Petition for Writ of
Habeas Corpus ("Petition") brought pursuant to 28 U.S.C. § 2254.
(Filing No. 1.)  Matthies is a state prisoner, and is proceeding
pro se in this matter.  For the reasons discussed below, the
Court will give Matthies an opportunity to file an amended
petition for writ of habeas corpus.

## I.  BACKGROUND

Matthies was convicted in the Douglas County District
Court of second degree murder, attempted first degree murder,
attempted second degree murder, and three counts of use of a
firearm in the commission of a felony.  State v. Matthies, No. A-
96-087, 1997 WL 50215, at *1 (Neb. Ct. App. Jan. 21, 1997).
Matthies filed his Petition in this Court on April 10, 2012
(Filing No. 1).  In his two-page Petition, he alleges that he has
been eligible for parole since March of 2010, but the Nebraska
Board of Parole has "arbitrarily" denied him parole.  (Id. at

CM/ECF p. 2.)  Liberally construed, Matthies alleges that the parole board's arbitrary denial of parole violates his Fourteenth Amendment right to due process.  (*Id.*)

## II.  ANALYSIS

### A.   Subject-Matter Jurisdiction

Respondent has argued that this Court lacks subject-matter jurisdiction to entertain Matthies's denial-of-parole claim.  The Court disagrees.  As set forth in 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Supreme Court has long held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) ("Habeas is the exclusive remedy, we reaffirmed, for the prisoner who seeks 'immediate or speedier release' from confinement."); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (noting that the prisoner's "label" of his case is not controlling and that where a "petitioner seeks a writ

-2-

of habeas corpus" attacking the length of his state custody, "[i]t is the substance of the relief sought which counts"). This extends to habeas corpus actions seeking release on parole. *Smallwood v. Missouri Bd. of Prob. and Parole*, 587 F.2d 369, 371 (8th Cir. 1978) (finding that habeas corpus is the "proper federal remedy" for challenge to action denying the petitioner parole because the petitioner, "in effect, seeks release from confinement").

Here, Petitioner's claim asserts a violation of his constitutional right to due process during the parole process (Filing No. 1). The only relief sought by Petitioner is immediate release from prison on parole. (*Id.* at CM/ECF p. 1.) Thus, if the Court granted Petitioner the relief he seeks, he will have received a "speedier release." As set forth above, a habeas corpus action is the appropriate vehicle in which to raise Petitioner's due process claim.

**B.   Due Process Claim**

Liberally construed, Matthies has asserted a violation of his constitutional right to due process during the parole process. The law is clear that there is no federal constitutional right to be paroled. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) (holding there is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence,

-3-

and the states are under no duty to offer parole to their prisoners). However, state statutes and constitutions "may create liberty interests in parole release that are entitled to protection under the Due Process Clause." *Bd. of Pardons v. Allen*, 482 U.S. 369, 371 (1987). Here, Respondent states that Nebraska parole eligibility statutes create such a liberty interest in parole (Filing No. 14 at CM/ECF p. 4). The Court agrees that a reasonable application of Nebraska case law suggests that Nebraska law creates a liberty interest in parole worthy of minimal protection under the Due Process Clause. *See Greenholtz*, 442 U.S. at 12.

When a state creates such liberty interests, "the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures." *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). In the parole context, the procedures required are minimal. *Id.* In *Greenholtz*, the Supreme Court found that a prisoner subject to Nebraska's parole statute received adequate process when he was allowed an opportunity to be heard and was provided a statement of reasons why parole was denied. 442 U.S. at 16. The Court held that the United States Constitution "does not require more." *Id.* Thus, in the parole context, the only proper inquiry is what process the inmate received. *Swarthout*, 131 S. Ct. at 863.

-4-

Petitioner has not alleged that he did not receive an opportunity to be heard or a statement of the reasons why parole was denied. It is not clear from his allegations whether he was allowed to attend his parole hearing, whether he was allowed to speak, and whether he was given a statement of reasons for the denial of his parole. These considerations are "the beginning and the end of the federal habeas courts' inquiry into whether [Matthies] received due process. *Swarthout*, 131 S. Ct. at 859. Thus, as pleaded, Matthies's Petition does not present a cognizable claim for relief.[1]

However, given Matthies's pro se status, the Court is reluctant to dismiss Matthies' Petition without first giving him an opportunity to amend. Thus, on the Court's own motion, Matthies will be given 30 days to file an amended petition that presents a cognizable claim for relief.

**C.    Pending Motions**

Matthies has filed a "Motion to Rule on State Remedies" and a "Motion for a Telephonic Hearing." (Filing Nos. 20 and 21.) In these motions, Matthies moves the Court to hold a telephonic evidentiary hearing in this matter. Matthies' request for an evidentiary hearing is premature given that his Petition

---

[1] On July 5, 2012, the Court "preliminarily" decided that Matthies's due process claim was "potentially cognizable in federal court." (Filing No. 8 at CM/ECF p. 1.) Upon further review of Matthies' Petition, the Court finds that Matthies' claim is not cognizable as pled.

does not state a cognizable claim for relief.  Accordingly, these motions will be denied without prejudice to reassertion after Matthies files an amended petition that states a cognizable claim for relief.

IT IS ORDERED:

1.    Matthies will have 30 days from the date of this Memorandum and Order to file an amended petition for writ of habeas corpus that presents a cognizable claim for relief. Matthies' amended petition should set forth the date of the parole decision he seeks to challenge in this matter, whether he attended and spoke at the parole hearing, and whether the parole board provided him with a statement of reasons for the denial of parole.  *If Matthies fails to file an amended petition within 30 days, this matter will be dismissed without prejudice and without further notice*.

2.    The clerk's office is directed to set a pro se case management deadline in this case using the following text: March 8, 2013: deadline for Matthies to file an amended petition for writ of habeas corpus.

3.    Respondent need not respond to Matthies' amended petition unless directed to do so by the Court after the Court conducts an initial review of the amended petition.

4.   Matthies' "Motion to Rule on State Remedies" and "Motion for Telephonic Hearing" are denied without prejudice to reassertion (Filing Nos. 20 and 21).

DATED this 11th day of February, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

-7-