IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
GREGORY M. MATTHIES,          )
                              )
          Petitioner,         )         4:12CV3069
                              )
     v.                       )
                              )
ROBERT HOUSTON,               )         MEMORANDUM OPINION
                              )
          Respondent.         )
_____)
```

This matter is before the Court on review of Petitioner Gregory M. Matthies's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Amended Petition") brought pursuant to 28 U.S.C. § 2254 (Filing No. 24). The Court has carefully reviewed the Amended Petition and finds that it should be dismissed because plaintiff has failed to state a cognizable claim for relief.

## I.   AMENDED PETITION

On February 11, 2013, the Court determined that plaintiff's Petition for Writ of Habeas Corpus (Filing No. 1) did not state a cognizable claim for relief (Filing No. 22). The Court directed petitioner to file an amended petition for writ of habeas corpus that set forth the date of the parole decision he sought to challenge, whether he attended and spoke at the parole hearing, and whether the parole board provided him with a statement of reasons for the denial of parole. (*Id.* at CM/ECF p. 6.) See *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that prisoners subject to

Nebraska's parole statute received adequate due process when allowed an opportunity to be heard and provided a statement of the reasons why parole was denied).

Petitioner's Amended Petition merely repeats the allegations in the original Petition.  The Amended Petition does not set forth the date of the parole decision he seeks to challenge, whether he attended and spoke at the parole hearing, and whether the parole board provided him with a statement of reasons for the denial of parole.  Accordingly, the Court finds that Petitioner's claims for relief are not cognizable in a federal habeas action.

## II.   CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right.  The

Court is not persuaded that the issues raised in the Petition and Amended Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.  Accordingly, the Court will not issue a certificate of appealability in this case.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 26th day of March, 2013.

BY THE COURT:

/s/ Lyle E. Strom

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.