IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGORY M. MATTHIES, | ) | |
| | ) | |
| Petitioner, | ) | 4:12CV3069 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner Gregory Matthies's ("Matthies") "Motion to Alter and Amend Judgment." (Filing No. 27.)  Matthies seeks reconsideration of the Court's March 26, 2013, Memorandum Opinion and Order and Judgment, which dismissed his Petition for Writ of Habeas Corpus and Amended Petition for Writ of Habeas Corpus without prejudice (Filing Nos. 25 and 26).

In this case, Matthies asserted a violation of his constitutional right to due process during and after his parole hearings before the State of Nebraska Board of Parole (Filing Nos. 1 and 24).  On March 26, 2013, the Court determined that Matthies's claims for relief were not cognizable in a federal habeas action because Matthies had not alleged that he did not receive an opportunity to be heard or a statement of the reasons why parole was denied (Filing No. 25).  See *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that prisoners subject to Nebraska's parole statute

received adequate due process when allowed an opportunity to be heard and were provided a statement of the reasons why parole was denied).

In Matthies's "Motion to Alter and Amend Judgment," Matthies admits that he received an opportunity to be heard (Filing No. 27 at CM/ECF p. 1 ("Petitioner appeared before the Board and was given an opportunity to speak to the Board about his progress and future prospects for parol")). In addition, Matthies attached to his motion eight separate "Offender Board Review Notice(s)" from the State of Nebraska Board of Parole that each provide a statement of the reasons why Matthies's parole was denied. (*Id.* at CM/ECF pp. 3-10 (e.g., "The nature/circumstances of your offense(s) indicates that an early release would depreciate from the seriousness of your crime and promote disrespect for the law").) Thus, Matthies clearly sets forth in his motion that he received both the opportunity to be heard and a statement of reasons why his parole was denied. Indeed, Matthies's "Motion to Alter and Amend Judgment" supports the Court's previous findings that Matthies's claims for relief are not cognizable in a federal habeas action. (*See* Filing Nos. 22 and 25.) Accordingly,

-2-

IT IS ORDERED that petitioner's "Motion to Alter and Amend Judgment" (Filing No. 27) is denied.

DATED this 8th day of April, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.